## JIM VANN v. STATE.

No. A-4433.    Opinion Filed Aug. 16, 1924.

(227 Pac. 905.)

(Syllabus.)

**Larceny—Evidence Insufficient to Support Conviction of Larceny of Hog.** In a prosecution for larceny of a hog, evidence considered, and held insufficient to support the verdict and judgment of conviction.

Appeal from District Court, Adair County; J. H. Jarman, Judge.

Jim Vann was convicted of larceny of live stock, and he appeals. Reversed.

Frye & Frye and Arnold & Woodruff, for plaintiff in error.

The Attorney General and N. W. Gore, Asst. Atty. Gen., for the State.

DOYLE, J. Jim Vann was convicted on an information charging him with stealing one black barrow, the personal property of Strawd Price, and his punishment fixed at imprisonment in the penitentiary for the term of two years. He has appealed from the judgment rendered on the verdict. It is insisted that the verdict of the jury is not sustained by sufficient evidence.

The prosecuting witness, Strawd Price, testified that he lived in Sequoyah county, about four miles from Jim Vann's place, in Adair county; that during the month of October, 1920, he owned about 40 hogs which were running on the open range; that some time in the month of October he missed one black barrow, weight about 175 pounds; that about the 10th of November he found it at Wash Beaver's, and John Beaver was claiming to be the owner; that said hog was black and marked with crop and underbit in right ear

and crop and slit in the left ear, which mark was duly recorded in the office of county clerk of Sequoyah county; that he did not give consent to Jim Vann to take said hog.

John Beaver testified that Price, the prosecuting witness, came to his house and claimed the hog that he had bought from Jim Vann about the 23d day of October for $14; that he was living about three miles from Jim Vann's place; that when he bought the hog he took it out of a pen at Vann's place, and put it in a pen at his brother's place.

J. M. Barnes and Noah Barnes each testified that they were making molasses at Strawd Price's in the fall of 1920, and noticed three barrows running around the sorghum mill, all marked crop and underbit in right ear and crop and slit in the left ear, and one was a coal black barrow.

Otto Price testified that one of his father's hogs, a coal black barrow, was missing in October; that he assisted his father in hauling this hog home from Wash Beaver's.

For the defense, Andrew Vann testified that he had lived three miles east of Buch, in Adair county, for 20 years; that the hog with which his brother Jim is charged with stealing belonged to Jim Vann, was about two years old, and was marked with crop and underbit in right ear and crop and slit in left ear, which was Jim Vann's mark; that Jim Vann had used this mark about 20 years; that he had noticed that particular hog at Jim Vann's place off and on for more than a year, and was present and helped John Beaver put the hog in the wagon; that Jim Vann had about 12 head of hogs running around his mother's place, about one mile from where witness lived.

Lizzie Lob testified that she knows the hog which Jim Vann sold to John Beaver, and it belonged to Jim Vann; that she had seen this hog often and it had Jim Vann's mark.

Joe Lob testified that he had known Jim Vann about 15 years, knew his hog mark, and knows that Jim Vann owned this black barrow; that it was two years old and he saw this barrow often for more than a year running around his house with Jim Vann's hogs.

Susie Vann, Jim Vann's wife, testified that her husband raised this black barrow, that it was about two years old marked with crop and underbit in right ear and crop and slit in left ear, Jim Vann's mark, one that he had used since they had been living together, about 12 years.

Jim Vann testified that he was a full-blood Cherokee, that he owned the hog in question, had raised it from a pig, that it was marked with his mark, weight about 180 pounds, that he had been using that mark for about 15 years; when he heard Mr. Price claimed this hog he went to Stillwell and consulted Judge Windsor, justice of the peace, about getting out replevin papers to get this hog from Price, and Judge Windsor told him that suit would have to be brought in Sequoyah county by John Beaver; that Wash Baldridge helped to mark this particular hog, that he had about 12 head of hogs on the range at that time, consisting of black, and black and white hogs; that John Beaver paid him $14 for this hog.

Wash Baldridge testified that he had known this black barrow, and knew it belonged to Jim Vann; that he had helped Jim Vann mark it.

A careful consideration of the evidence satisfies us that it is insufficient to sustain a verdict of guilty. It appears without conflict that the mark on the alleged stolen hog had been used by the defendant for about 15 years. The prosecuting witness is the only witness for the state who identifies the hog in question as his property. Five witnesses testified positively that the hog in question was the property of the

defendant. These witnesses were not impeached in any way. We think that when the evidence is all analyzed and given its proper force, it cannot be said that it would satisfy any fair minded man of the defendant's guilt beyond a reasonable doubt, and for this reason we think the verdict of the jury was the result of passion, prejudice, or partiality. Other questions are raised in the brief, but in view of the conclusion already reached, which is decisive of this appeal, we do not consider them.

Because the evidence is insufficient to sustain the verdict, the judgment of the lower court is reversed.

MATSON, P. J., and BESSEY, J., concur.